No. 17-13985-JJ

# JURISDICTIONAL QUESTION

It appears that the relevant pleadings may not have sufficiently invoked the district court's diversity jurisdiction in the first instance in that the pleadings did not allege the amount in controversy. *See* 28 U.S.C. § 1332(a)(1); *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807-08 (11th Cir. 2003).

Insofar as the allegations may be inadequate, please address: (1) whether the allegations should be amended on appeal, pursuant to 28 U.S.C. § 1653, to cure any jurisdictional deficiencies in the current pleadings; (2) alternatively, whether current record evidence adequately establishes the amount in controversy; or (3) whether the record should be supplemented with additional evidence to demonstrate the amount in controversy. *See* 28 U.S.C. § 1653; *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269-70 (11th Cir. 2013) (discussing when record evidence may be used to cure jurisdictional pleading defects, and noting that self-serving arguments and unsworn statements in trial briefs are insufficient to establish a party's citizenship); *Mallory & Evans Contractors & Eng'rs, Inc. v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (inviting appellant to file a motion for leave to amend the complaint to correct deficient allegations of citizenship). If applicable, the parties should submit any motions they consider necessary or appropriate to cure the deficiencies.